**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 98-6598**

EARL N. OWENS,

Plaintiff - Appellant,

versus

PARRIS N. GLENDENING, Governor; LAMONT W. FLANAGAN, Commissioner; WILLIAM JEDNORSKI, Warden; OFFICER PEARSON; OFFICER KELLER,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (CA-97-1839)

Submitted: January 12, 1999          Decided: March 12, 1999

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Earl N. Owens, Appellant Pro Se. John Joseph Curran, Jr., Attorney General, Glenn T. Marrow, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Earl Owens, a Maryland inmate, filed an action against various prison officials alleging that they violated his constitutional rights by not protecting him from other inmates. He now appeals the district court order granting Defendants' motion for summary judgment and dismissing Owens' complaint filed pursuant to 42 U.S.C. § 1983 (1994).

We have reviewed the record and the district court's opinion and find no reversible error. We affirm the court's dismissal of Defendants Governor Parris Glendening, Commissioner of Pre-trial Detention & Services Lamont Flanagan, Warden William Jednorski, and Officer Mark Keller based on the reasoning of the district court. As to Defendant Officer William Pearson, we find that Owens failed to submit sufficient evidence cognizable on summary judgment to show that a trial was necessary on the issue of whether Officer Pearson knew of a substantial risk of harm to him. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986) (requiring nonmoving party to submit more than just some evidence to avoid summary judgment); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (stating that nonmoving party must allege "'specific facts showing there is a genuine issue for trial'"). Accordingly, we also affirm the court's granting of summary judgment to Defendant Pearson. We further deny Owens' motion for summary remand. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not

aid the decisional process.


AFFIRMED